United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40217
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TRACY KENYON SEXTON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-52-ALL
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Tracy Kenyon Sexton appeals the 105-month sentence imposed following his plea of guilty to a charge of felon in possession of a firearm.  Sexton challenges an increase to his offense level pursuant to U.S.S.G. § 2K2.1(b)(5).  He argues that mere possession of the firearm during another felony offense does not justify the increase.  He contends that the Government did not prove that the firearm was used in connection with the commission

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the unauthorized use of a motor vehicle ("UUMV") offense, in furtherance of the UUMV offense, or in obtaining the vehicle.

The determination of the connection between a firearm and another offense is a factual finding. United States v. Mitchell, 166 F.3d 748, 754 n.24 (5th Cir. 1999). We review factual findings for clear error. United States v. Armstead, 114 F.3d 504, 507 (5th Cir. 1997).

Section § 2K2.1(b)(5), U.S.S.G., authorizes a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." A "close relationship between the firearm and the other felony offense" need not be shown; the showing required is only that the "firearms were possessed and could have been used to facilitate" the other felony offense. Armstead, 114 F.3d at 511, 512.

The presentence report provided that while he was involved in the UUMV offense, a police officer saw Sexton pick up a black revolver. The district court did not clearly err in applying the U.S.S.G. § 2K2.1(b)(5) increase to Sexton's offense level because the firearm was "readily available" to Sexton and "could have been used to facilitate" his UUMV offense. See Armstead, 114 F.3d at 512. The district court properly relied on the information in the presentence report, which Sexton did not rebut sufficiently. See Mitchell, 166 F.3d at 754. Accordingly, the judgment of the district court is AFFIRMED.